SUFRIN ZUCKER STEINBERG
 SONSTEIN & WIXTED PC
By: Saul J. Steinberg, Esq.
ID No. 53971
Suite 503, Parkade Building
519 Federal Street
Camden, NJ 08103
(856) 365-0080                                      **JURY TRIAL DEMANDED**
Attorneys for Plaintiffs

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO PARRETTA and | : | |
| CONNIE PARRETTA, h/w, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| | : | |
| vs. | : | |
| | : | |
| GEORGE BALLOUZ | : | |
| CONTRACTORS and/or JOHN DOE | : | |
| CONTRACTORS #1-5 (fictitious | : | |
| and/or JOHN DOE #1-5 (fictitious | : | |
| name) and/or ERNESTO VILLICO | : | |
| and/or  JOHN DOE OWNER #1-5 | : | |
| (fictitious name) and/or JOHN DOE | : | |
| #6-10 (fictitious name), i/j/s/a, | : | |
| | : | |
| Defendants. | : | **PLAINTIFFS' COMPLAINT** |

**GENERAL ALLEGATIONS**

1.    Plaintiffs, Antonio Parretta and Connie Parretta, husband and wife, by counsel for

their Complaint against defendants, George Ballouz Contractors and/or John Doe

Contractors #1-5 (fictitious name) and/or John Doe #1-5 (fictitious name) and/or

Ernesto Villico and/or John Doe Owner #1-5 (fictitious name) and/or John Doe #6-10

(fictitious name), individually, jointly, severally and/or in the alternative, says as follows:

PARTIES, JURISDICTION AND VENUE

2.  Plaintiffs, Antonio Parretta and Connie Parretta, are individuals and citizens of the State of New Jersey residing at 1301 Heidelberg Drive, Williamstown, New Jersey 08094.

3.  At all times herein, defendant, George Ballouz Contractors and/or John Doe Contractors #1-5 (fictitious name), is a company and citizen of the Commonwelath of Pennsylvania which contracts and/or subcontracts for construction work within the Commonwealth of Pennsylvania with a principal office located at 1444 S. 13th Street, Philadelphia, Commonwealth of Pennsylvania.

4.  At all times herein, defendant, John Doe #1-5 (fictitious name), is the name of an unknown individual or individuals, whose identity is/are yet to be ascertained, acting as the agent, servant and/or employee of defendant, George Ballouz Contractors and/or John Doe Contractors #1-5 (fictitious name).

5.  At all times herein, defendant, Ernesto Villico and/or John Doe Owner #1-5 (fictitious name), is a citizen of the Commonwealth of Pennsylvania and is the owner of a property located at 1173 S. 9th Street, Philadelphia, Commonwealth of Pennsylvania.

6.  At all times herein, defendant, John Doe #6-10 (fictitious name), is the name of an unknown individual or individuals, whose identity is/are yet to be ascertained, acting

as the agent, servant and/or employee of defendant, Ernesto Villico and/or John Doe Owner #1-5 (fictitious name).

7.    On or about March 3, 2006, plaintiff, Antonio Parretta, during the course and scope of his employment with Campano Heating and Cooling, was lawfully present in his work capacity at the premises of 1173 S. 9th Street, Philadelphia, Commonwealth of Pennsylvania, said premises being owned and/or maintained by defendant, Ernesto Villico and/or John Doe Owner #1-5 (fictitious name).

8.    At all times herein, defendant, George Ballouz Contractors and/or John Doe Contractors #1-5 (fictitious name) and/or John Doe #1-5 (fictitious name), was responsible for, including but not limited to, construction work being performed at the same location.

9.    At all times herein, defendant, George Ballouz Contractors and/or John Doe Contractors #1-5 (fictitious name) and/or John Doe #1-5 (fictitious name), was responsible for installing a prefabricated set of stairs from the first floor level to the basement.

10.    At all times material hereto, plaintiff, Antonio Parretta, attempted to access the basement via the stair unit when the unit collapsed causing plaintiff to fall to the basement below sustaining serious and permanent injuries.

11.    Jurisdiction of the Court over this action is conferred by, inter alia, 28 U.S.C. Section 1331, 28 U.S.C. Section 1332(c)(1), and by U.S.C. Section 1961(1).  Plaintiff is a

resident of the State of New Jersey and defendants are residents and/or entities within principal offices within the Commonwealth of Pennsylvania.

12.    Venue lies in this District pursuant to 28 U.S.C. Section 1391 as this action is founded solely on diversity of citizenship; plaintiff resides in New Jersey; the defendants are residents and/or entities of the Commonwealth of Pennsylvania; the incident giving rise to this claim occurred in the District; and the defendants regularly conduct and solicit business and own or control property within in this Judicial District.

FIRST COUNT

Negligence of Defendant, George Ballouz Contractors
and/or John Doe Contractors #1-5 (fictitious name)
and/or John Doe #1-5 (fictitious name)

13.    Plaintiff, Antonio Parretta, incorporates herein by reference the allegations contained in paragraphs one (1) through twelve (12) as if fully set forth herein at length.

14.    Said injuries were caused by the negligence of the defendant, George Ballouz Contractors and/or John Doe Contractors #1-5 (fictitious name) and/or John Doe #1-5 (fictitious name), in that said defendant failed to properly complete the installation of the stair unit; failed to attach the stair unit to the wall and/or flooring; failed to inspect the stair unit; failed to maintain the job site in a safe manner for workers; failed to warn of danger; failed to hire and train personnel and were otherwise negligent.

15.    As a direct and proximate result of the aforesaid negligence of the defendant, George Ballouz Contractors and/or John Doe Contractors #1-5 (fictitious name) and/or John

Doe #1-5 (fictitious name), plaintiff, Antonio Parretta, received numerous and diverse injuries, some of which are permanent in nature; he suffered severe pain and will suffer with additional pain in the future on account of said injuries; he has been compelled to incur indebtedness in order to obtain medical attention in an effort to alleviate the pain that he suffers and effectuate a cure of said injuries; he will further be compelled to incur indebtedness in order to obtain medical attention in an effort to alleviate the pain that he suffers and effectuate a cure of said injuries; he will further be compelled to incur indebtedness for the same purpose in the future; he has been compelled to limit his activities and will be further compelled to limit his activities on account of said injuries and was otherwise damaged.

WHEREFORE, plaintiff, Antonio Parretta and Connie Parretta, husband and wife, demand Judgment on this Count as to defendant, George Ballouz Contractors and/or John Doe Contractors #1-5 (fictitious name) and/or John Doe #1-5 (fictitious name), for damages nominal, economical, both compensatory and consequential and in accordance with the laws of the United States and the Commonwealth of Pennsylvania, together with interest and costs of suit.

## SECOND COUNT

Negligence as to Defendant, Ernesto Villico and/or
John Doe Owner #1-5 (fictitious name) and/or
John Doe #6-10 (fictitious name)

16.    Plaintiff, Antonio Parretta, incorporates herein by reference the allegations contained

in paragraphs one (1) through fifteen (15) as if full set forth herein at length.

17.    Said injuries were caused by the negligence of defendant, Ernesto Villico and/or

John Doe Owner #1-5 (fictitious name) and/or John Doe #6-10 (fictitious name),

in that said defendant owned and/or maintained the subject premises herein and were

negligent in choosing and hiring contractors who failed to operate and work in like

manner; failed to make the premises safe for patrons and/or workers; failed to inspect;

failed to warn of danger and were otherwise negligent.

18.    At all times herein, defendant, George Ballouz Contractors and/or John Doe

Contractors #1-5 (fictitious name) and/or John Doe #1-5 (fictitious name), were acting

as the agent, servant and/or employee of defendant, Ernesto Villico and/or John Doe

Owner #1-5 (fictitious name) and/or John Doe #6-10 (fictitious name).

19.    As a direct and proximate result of the aforesaid negligence of the defendant, Ernesto

Villico and/or John Doe Owner #1-5 (fictitious name) and/or John Doe #6-10

(fictitious name), plaintiff, Antonio Parretta, received numerous and diverse injuries,

some of which are permanent in nature; he suffered severe pain and will suffer with

additional pain in the future on account of said injuries; he has been compelled to

incur indebtedness in order to obtain medical attention in an effort to alleviate the pain

that he suffers and effectuate a cure of said injuries; he will further be compelled to

incur indebtedness in order to obtain medical attention in an effort to alleviate the pain

that he suffers and effectuate a cure of said injuries; he will further be compelled to

incur indebtedness for the same purpose in the future; he has been compelled to limit

his activities and will be further compelled to limit his activities on account of said

injuries and was otherwise damaged.

WHEREFORE, plaintiff, Antonio Parretta and Connie Parretta, husband and wife

demand Judgment on this Count as to defendant, Ernesto Villico and/or John Doe Owner #1-

5 (fictitious name) and/or John Doe #6-10 (fictitious name), for damages nominal,

economical, both compensatory and consequential and in accordance with the laws of the

United States and the Commonwealth of Pennsylvania, together with interest and costs of

suit.

## THIRD COUNT

20.  Plaintiff, Connie Parretta, incorporates herein by reference the allegations contained

   in paragraphs one (1) through nineteen (19) as if fully set forth herein at length.

21.  At all times material hereto, plaintiff, Connie Parretta, was the wife of plaintiff,

   Antonio Parretta, and was entitled to his comfort, care and society, same which were

   denied to her as a result of the negligence of the defendants herein.

WHEREFORE, plaintiff, Connie Parretta, demands Judgment on this Count as to

defendant, George Ballouz Contractors and/or John Doe Contractors #1-5 (fictitious name)

and/or John Doe #1-5 (fictitious name) and/or Ernesto Villico and/or John Doe Owner #1-5

(fictitious name) and/or John Doe #6-10 (fictitious name), for damages nominal, economical,

both compensatory and consequential and in accordance with the laws of the United States

and the Commonwealth of Pennsylvania, together with interest and costs of suit.

FOURTH COUNT

22.    Plaintiff, Antonio Parretta, incorporates herein by reference the allegations contained

in paragraphs one (1) through twenty-one (21) as if fully set forth herein at length.

WHEREFORE, plaintiffs, Antonio Parretta and Connie Parretta, husband and wife,

demand Judgment on this Count as to defendant, George Ballouz Contractors and/or John

Doe Contractors #1-5 (fictitious name) and/or John Doe #1-5 (fictitious name) and/or Ernesto

Villico and/or John Doe Owner #1-5 (fictitious name) and/or John Doe #6-10 (fictitious

name), individually, jointly, severally and/or in the alternative, for damages nominal,

economical, both compensatory and consequential and in accordance with the laws of the

United States and the Commonwealth of Pennsylvania, together with interest and costs of

suit.

SUFRIN ZUCKER STEINBERG
SONSTEIN & WIXTED PC


BY:  *S/Saul J. Steinberg*
        SAUL J. STEINBERG
        Attorneys for Plaintiff

Dated: 4/3/07